**UNITED STATES ex rel. BELFRAGE**

v.

**SHAUGHNESSY.**

**No. 140, Docket 22910.**

United States Court of Appeals
Second Circuit.

Argued December 14, 1953.

Decided April 9, 1954.

---

J. Edward Lumbard, U. S. Atty., New York City (Harold J. Raby, Asst. U. S. Atty., Louis Steinberg and Lester Friedman, Dist. Counsel and Atty., Immigration and Naturalization Service, New York City, of counsel), for respondent-appellant.

Blanch Freedman and Nathan Dambroff, New York City (Gloria Agrin, Nathan Dambroff & Blanch Freedman, New York City, on the brief), for petitioner-appellee.

Before CLARK, FRANK and HINCKS, Circuit Judges.

HINCKS, Circuit Judge.

The order below sustaining a writ of habeas corpus, enlarged the relator, under conditions therein specified, on judicial bail pending this appeal. He had previously been arrested on May 15, 1953, simultaneously with the institution of deportation proceedings against him. While in custody, bail having been ad-

ministratively refused, he petitioned for the issuance of a writ of habeas corpus on May 25, 1953 on the ground that the "refusal to enlarge him on bail is arbitrary, unreasonable and an unlawful exercise of discretion."

■ Contrary to the contentions made in behalf of the respondent-appellant, we adhere to the view which we previously expressed in United States ex rel. Yaris v. Esperdy, 2 Cir., 202 F.2d 109, and hold that Sec. 242(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1252(a), was not intended to restrict the power of judicial review theretofore existing. Yanish v. Barber, 1953, 73 S.Ct. 1105, 97 L.Ed. 1637. It follows that the court below had power to admit the relator to bail pending the determination of the deportation proceedings on "a clear and convincing showing that the decision against him was without a reasonable foundation." United States ex rel. Potash v. District Director, 2 Cir., 169 F.2d 747, 751. See also United States ex rel. DeGeronimi v. Shaughnessy, 2 Cir., 187 F. 2d 896, and United States ex rel. Young v. Shaughnessy, 2 Cir., 194 F.2d 474.

■ Here the order sustaining the writ was required because the respondent's return showed on its face that the administrative decision denying bail had been based in part—an inextricable part —on an invalid assumption. For in enumerating the bases of his decision the respondent stated, in Par. 8(h), that the relator when examined on May 5, 1953 by the Un-American Activities Committee of the House of Representatives refused to answer questions then propounded to him; and, in Par. 8(i), that on May 14, 1953, the day when the pending proceedings for his deportation were initiated, the relator invoked his Constitutional privilege to refuse to answer questions put to him by a Senate Investigations Sub-Committee.

From these two incidents we find no rational basis for an inference that if admitted to bail pending the outcome of the deportation proceedings there was

substantial danger that he would abscond or engage in the interim in activities inimical to the public welfare. His mere refusal to answer might perhaps have been motivated by a dislike of the resulting publicity or a fear that his answers, by misconstruction or otherwise, might result in an unfounded prosecution against him on some criminal charge, as for instance a prosecution under the Smith Act, 18 U.S.C.A. § 2385. Perhaps it may have stemmed from reluctance to implicate, or disturb, the privacy of others.

But whatever the underlying motivation, an invocation of the Fifth Amendment is no ground at all for an inference of guilt or of criminal proclivities. The privilege created by the Amendment "is for the innocent as well as the guilty and no inference can be drawn against the person claiming it that he fears that he is 'engaged in doing something forbidden by federal law.'" Spector v. United States, 9 Cir., 193 F.2d 1002 at page 1006. Wigmore on Evidence, 3rd Ed., Vol. VIII, Sec. 2251. For the history of the constitutional privilege see Judge Frank's dissenting opinion in United States v. St. Pierre, 2 Cir., 132 F.2d 837, 842, 147 A.L.R. 240. And since an invocation of the Amendment made on legally sufficient grounds does not give rise to an inference of substantive criminality, of course an invocation made on insufficient grounds may not serve as a basis for such inference. At most, an improper refusal to testify, if persisted in—as seems not to have been the case here—might constitute ground for conviction of criminal contempt. Here, there was no such conviction. And a conviction for contempt, even if it had occurred, would have had no rational tendency to demonstrate that the relator, if enlarged pending deportation proceedings, would abscond or constitute a security risk.

It thus appears that the administrative decision attacked by the writ was based at least in part on an untenable ground. And there is nothing in the record that enables us to say that with that ground eliminated from administrative consideration the decision would have been the same.

Accordingly, on the limited ground above stated,

The order appealed from is affirmed.