### UNITED STATES ex rel. BRYANT

v.

### SHAUGHNESSY.

United States District Court,
S. D. New York.
July 15, 1954.

Ira Gollobin, of New York City, for relator.

J. Edward Lumbard, U. S. Atty., New York City, for respondent, Harold R. Tyler, Asst. U. S. Atty., and Lester Friedman, Atty. in Office of Dist. Counsel, Immigration and Naturalization Service, Dept. of Justice, New York City, of counsel.

DAWSON, District Judge.

The relator, Anne Bryant, is presently in the custody of the Immigration and Naturalization Service on Ellis Island where she is being detained without bail, pending deportation which has been ordered. The relator was taken into custody on June 23, 1954. On June 30, 1954, relator was accorded a due hearing before a Special Inquiry Officer of the Immigration and Naturalization Service at which she was represented by a counsel of her own choosing. Evidence presented at the hearing showed that relator is a citizen of Canada who entered this Country in 1947; that she thereafter married an American citizen, and was duly admitted for permanent residence in this Country in 1948 as a GI bride; that relator has resided continuously in this Country since that time, and that she has two children born of her marriage.

Further evidence presented at the hearing by a detective of the New York City Police Department showed that relator joined the Communist Party of the United States in, or about, 1947 and remained an active member thereof at least until 1950, having been at one time treas-

urer of a local group of that Party, of which she was a member.

No evidence was offered by the relator at the hearing before the Special Inquiry Officer to dispute her membership in the Communist Party or her activities therein. In fact, relator refused to answer any questions as to her Communist Party affiliations or activities, invoking, for this purpose, the Fifth Amendment of the United States Constitution.

By this writ of habeas corpus, relator challenged the legality of her detention, asserting that the Attorney General abused his discretionary authority in refusing bail, pending her appeal, which she says she will take, from the decision of the Special Inquiry Officer.

In the Return to the Writ, it is stated that—

"Prior to the relator's arrest she was given an opportunity to make a voluntary statement concerning her background and activities, so that the administrative authorities could consider, among other matters, the question of her possible detention or release on bond. She then declined to make any voluntary statement or furnish any information. She did not rest her refusal on the Fifth Amendment to the Constitution but merely declined to furnish any information concerning herself."

The Return further states:

"It had been administratively concluded that the relator herein will continue to conduct herself in aid of the World Communist Movement if enlarged on bond so as to constitute a menace to the security of the United States."

No traverse has been filed to this Return and, under the circumstances, the allegations of the Return are accepted as true. Tit. 28, § 2248, U.S.C.

A denial by the Attorney General of bail in cases like the present is to be upset only upon the clearest showing of an abuse of his discretionary power. The action of the Attorney General is presumed to be correct, and the burden is on the alien to show the contrary. Carlson v. Landon, 1952, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547; United States ex rel. Yaris v. Esperdy, D.C.S.D. N.Y.1952, 108 F.Supp. 735, affirmed 2 Cir., 1953, 202 F.2d 109.

While the Court has power to admit an alien to bail, pending hearing on deportation charges, such power should only be exercised where there has been a clear and convincing showing that the decision to hold the alien without bond was without a reasonable foundation. United States ex rel. Belfrage v. Shaughnessy, 2 Cir., 1954, 212 F.2d 128.

On the state of the record before me, I conclude that there has been no sufficient proof by the relator that the Attorney General abused his discretion in denying bail. See United States ex rel. Angel v. Shaughnessy, D.C., 121 F. Supp. 284.

The writ of habeas corpus is denied.