**David Moshe THAUSE, Petitioner,**

v.

**Edward J. McELROY, Assistant District Director for Deportation, United States Department of Justice, Immigration and Naturalization Service, New York District, Respondent.**

No. 94 Civ. 3680 (MGC).

United States District Court,
S.D. New York.

June 20, 1994.

Paul I. Freedman, New York City, for petitioner.

Mary Jo White, U.S. Atty. for the S.D.N.Y. by F. James Loprest, Jr., Sp. Asst. U.S. Atty., New York City, for respondent.

## MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

David Moshe Thause, a citizen of Israel who has been ordered deported and is being detained by the Immigration and Naturalization Service ("INS"), petitions this court for a writ of habeas corpus and seeks an order staying his deportation. On May 20, 1994, Judge Lasker directed respondent Edward J. McElroy, Assistant District Director for Detention and Deportation, to show cause why an order should not be issued granting petitioner a stay of deportation pending the appeal of the denial of his motion to reopen, and releasing petitioner from INS detention on a $2,000 bond. At oral argument on May 27, 1994, respondent represented to the court that Thause's deportation has been stayed pending his appeal, and this fact has since been confirmed by the INS. *See* Letter from Roseanne Sonchik, Assistant District Director for Detention and Deportation, to Paul I. Freedman, Attorney for Thause, June 3, 1994 at 1 ("Sonchik Letter"). Although the INS had not yet ruled on Thause's application for release on bond at the time this petition was filed, a decision denying his release has since been issued. Thause argues that the denial of bond was an abuse of discretion, and petitions this court for his immediate release. For the reasons discussed below, Thause's petition for a writ of habeas corpus is denied.

### Background

Thause entered the United States on August 2, 1989 as a visitor for pleasure. When

his visa expired, Thause failed to leave the country and did not seek an extension. On March 11, 1992, after serving four months in federal prison for conspiring to steal mail, Thause appeared before an Immigration Judge ("IJ") on an order to show cause brought by the government charging him with deportability under 8 U.S.C. §§ 1251(a)(1)(B) & (a)(1)(C)(i). At this time, Thause requested withholding of deportation and voluntary departure, and filed a Request for Asylum. On April 13, 1992, Thause appeared with counsel and conceded his deportability under 8 U.S.C. § 1251(a)(1)(C)(i), as an alien admitted as a nonimmigrant who had remained in the country longer than was permitted.[1] The hearing was then adjourned to July 15, 1992, and on that date the hearing was again adjourned to July 27, 1992. Thause was advised at this July 15 hearing that a failure to appear would result in the denial of his applications.

On July 27, 1992, neither Thause nor his attorney appeared at the scheduled hearing. After an in absentia hearing,[2] the IJ ordered Thause deported pursuant to 8 U.S.C. § 1251(a)(1)(C)(i). After the hearing had been completed, the IJ received an undated memorandum from Thause's attorney requesting an adjournment, but the IJ declined to vacate his decision. Thause appealed the order of deportation to the Board of Immigration Appeals ("BIA"). On February 22, 1993, the BIA issued an opinion stating that the appropriate course of action was not to appeal to the BIA, but to file a motion to reopen with the IJ. Pursuant to 8 U.S.C. §§ 1252b(c)(3) & (f)(2), an alien may move to reopen his case upon a showing that he did not receive notice of his hearing or that his failure to appear was due to "exceptional circumstances," which includes a "serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances." The BIA did not review the IJ's order, but instead remanded

the case to the IJ, who scheduled a hearing for January 7, 1994 to decide the motion to reopen.

On January 7, 1994, Thause did not appear at the scheduled hearing on the motion to reopen. After learning that Thause was in prison in Las Vegas, the IJ administratively closed the case, pending his release. On February 14, 1994, the INS filed a motion to reconsider the administrative closing, and requested a ruling on the motion to reopen. In an opinion issued on April 4, 1994, the IJ granted the INS' motion to reconsider and denied Thause's motion to reopen, stating that a motion to reopen should be supported by affidavits and other evidence and that Thause's presence was not required. He noted that although several reasons had been provided for the failure of Thause's counsel to appear at the July 27, 1992 hearing, Thause had failed to provide any reason why he himself had failed to appear. On April 18, 1994, Thause appealed this decision to the BIA. Thause, who was acquitted of the federal charge in Las Vegas, has been in INS custody since April 8, 1994.

### Discussion

 Following a decision by the INS to deny bond, a writ of habeas corpus granting petitioner's release may be issued only "on 'a clear and convincing showing that the decision against him was without a reasonable foundation.' " *United States ex rel. Belfrage v. Shaughnessy*, 212 F.2d 128, 129 (2d Cir. 1954) (quoting *United States ex rel. Potash v. District Director*, 169 F.2d 747, 751 (2d Cir. 1948)); *see Doherty v. Meese*, 808 F.2d 938, 942 (2d Cir.1986). The INS' decision is subject to review for an abuse of discretion. *See United States ex rel. Yaris v. Esperdy*, 202 F.2d 109, 111–12 (2d Cir.1953).

In a letter dated June 3, 1994, the District Director gave the following reasons for denying Thause's bond:

1. The Government, in a letter to the court dated May 26, 1994, incorrectly stated that Thause conceded his deportability under 8 U.S.C. § 1251(a)(1)(B), as an alien who entered the country without inspection.

2. Section 1252b(c)(1) of Title 8 of the U.S. Code provides that "[a]ny alien who, after written no-

tice ... has been provided to the alien or the alien's counsel of record, does not attend a [deportation] proceeding ..., shall be ordered deported ... in absentia if the Service establishes by clear, unequivocal, and convincing evidence that, the written notice was so provided and that the alien is deportable."

David Thause has a serious criminal record and has been charged in Kings County with various criminal charges including kidnapping. He has also been convicted of drug trafficking and, therefore, the INS believes that he poses a danger to the community.

The INS also believes that David Thause has little likelihood of success on his pending appeal to the Board. Furthermore, even if he was successful on appeal, it is very unlikely that he will succeed in obtaining asylum, or withholding of deportation, given his serious criminal record. This is a strong incentive for David Thause to again absent himself from deportation. David Thause failed to appear for his deportation hearing and has not satisfactorily explained his absence. It is believed that he is a danger to the community, poses a risk of flight and is unlikely to appear for deportation should he be so ordered.

Sonchik Letter, at 1–2.

Thause contends that this decision was an abuse of discretion because his wife, a lawful permanent resident of the United States, has filed an I–130 Petition in his behalf, and he has a non-frivolous application for political asylum pending. In addition, Thause claims that he has been a cooperating witness with the U.S. Secret Service since 1991, assisting in investigations regarding illegal immigration, money laundering and drug dealing. This cooperation provides the basis for his application for political asylum in that Thause contends he fears retribution at the hands of Israeli intelligence agents who might misconstrue his cooperation with the U.S. Government. Finally, Thause states that he was previously released on a $2,000 bond by a district judge in Louisiana and that he has never violated the provisions of that bond.

■ Because Thause has offered no evidence in support of most of his contentions, I cannot find that the District Director's decision to deny bond was without a reasonable foundation. Although Thause's attorney has submitted an affidavit stating that Thause has been cooperating with the Secret Service since 1991, Thause himself has not submitted an affidavit, nor has any evidence been provided to support this claim. In his initial petition, Thause's attorney stated that "I am enclosing for your review, a dossier of congratulatory letters from the Secret Service, showing Mr. Thause's support on an extensive basis and indicating that Mr. Thause is a valuable member of the Government Witness Program." (Freedman Aff. May 2, 1992, ¶ 4(c)). No such letters were ever submitted, nor has an affidavit been submitted by any member of the U.S. Government to corroborate Thause's claims. Because this unsupported assertion of cooperation forms the basis of Thause's asylum claim, it cannot be said that the District Director had no reasonable foundation for concluding that Thause's application has little chance for success.

In addition, Thause has offered no evidence in support of his explanation regarding his failure to appear at the scheduled deportation hearing on July 27, 1992. Thause's attorney, in his memorandum of law in support of his Order to Show Cause, stated that "Mr. Thause was in fact, on an operation in cooperation with the Secret Service when his deportation case was actually heard...." (Pet.Mem. May 19, 1994, at 3–4.) Again, Thause has not submitted an affidavit to support this claim, either from himself or a government agent. Without any verifiable explanation for Thause's failure to appear, there is no basis for Thause's assertion that the District Director was incorrect in finding that the appeal of his motion to reopen is unlikely to be successful, or that he is unlikely to appear for deportation if his applications are denied. Furthermore, if Thause's failure to appear at the July 27, 1992 hearing was not due to lack of notice or any exceptional circumstances, it would appear that the conditions of his earlier release on bond were violated, contrary to Thause's assertions.

Finally, Thause does not dispute the District Director's finding that he was convicted of drug trafficking in Israel in 1987, or the fact that he also has a criminal record in the United States. Thause offers no evidence that suggests that the District Director's finding that he poses a danger to the community was without a reasonable foundation.

### Conclusion

Because Thause has not demonstrated that the District Director's denial of bond was without a reasonable foundation, his petition for a writ of habeas corpus is denied.

SO ORDERED.