**David ROWE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. Civ.A. 98–11511–GAO.**

United States District Court, D. Massachusetts.

April 30, 1999.

*MEMORANDUM AND ORDER*

O'TOOLE, District Judge.

Pro se petitioner David Rowe, an alien currently in the custody of the Immigration and Naturalization Service ("INS"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the ground that he is being detained without bond in violation of his constitutional rights. After review, the Court concludes that Rowe's detention is not unlawful, and accordingly, his petition is DENIED.

## I.  Factual Background

Rowe is a native and citizen of Jamaica. He lawfully entered the United States as a nonimmigrant visitor for pleasure in December, 1990, authorized to remain in the country not longer than six months. He remained beyond the allotted time, and on March 23, 1995, the INS issued an order to show cause why he should not be deported.

On October 22, 1996, the INS arrested Rowe but released him the same day on his own recognizance subject to conditions which Rowe appears to have complied with.

After a hearing in May, 1997, an immigration judge ("IJ") denied Rowe's request to permit him a voluntary departure and ordered that he be deported. He remained free on his own recognizance. Rowe then filed a notice of appeal with the Board of Immigration Appeals ("BIA") within the prescribed time limit, but the BIA rejected it for lack of service on the INS. He refiled the appeal, this time complying with the service requirement. His appeal is currently pending before the BIA.

On August 1, 1997, Rowe reported to the Boston offices of the INS as required by his conditions of release. Apparently under the impression that Rowe had not properly appealed to the BIA and that the order of deportation had thus become final, the INS issued a Warrant of Removal/Deportation and took Rowe into custody. When it was determined that Rowe's case *was* on appeal, the INS reviewed Rowe's custody status. Despite the fact that it had chosen to release him on his own recognizance back in October, 1996, the INS determined that he should be detained without bond because his criminal record, which included a conviction for assault and battery on a police officer, and a history of domestic violence complaints supported a conclusion that he would be a danger to the community if released. Rowe requested and received a custody redetermination by an IJ.[1] On September 26, 1997, the IJ denied Rowe a change in custody status.

On May 12, 1998, Rowe asked the IJ to reconsider his custody status. The IJ denied reconsideration because Rowe had not established that his circumstances had materially changed since the prior bond determination. On June 26, 1998, Rowe filed a second motion for reconsideration with the IJ, which was also ultimately denied. About late July, Rowe directly contacted the Boston District Director of the INS seeking to be released from custody pending the resolution of his BIA appeal. The District Director summarily dismissed his request because it failed to provide "any new facts or substantial equities which have not already been considered by the [INS] or the Immigration Judge on two separate occasions." (INS letter, Aug. 7, 1998). On July 30, 1998, Rowe filed this petition claiming that the INS was unlawfully detaining him in violation of his constitutional rights.

## II. Jurisdiction

The INS contends that Rowe failed to exhaust the administrative remedies available to him because he did not appeal the denial of change of custody to the BIA.[2] The INS accordingly asks this Court to abstain from exercising jurisdiction over Rowe's petition. The Court declines to abstain.

In an immigration context, exhaustion of administrative remedies is statutorily required only on appeals to final

---

1. Following initial INS custody decisions, IJs may review INS determinations and choose to release, detain or set bond for the aliens as provided by 8 C.F.R. § 3.19. *See* 8 C.F.R. § 236.1(d)(1).

2. The INS initially asserted that § 242(g) of the Immigration and Nationality Act, 8 U.S.C. § 1252(g), which states in part "[e]xcept as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," divested this Court of jurisdiction to hear Rowe's habeas petition. The INS abandoned this argument, however, in light of the Supreme Court's recent decision in *Reno v. American–Arab Anti–Discrimination Committee*, — U.S. —, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999), which limited § 242(g)'s potentially habeas-limiting applicability to only narrow Attorney General actions not at issue here.

orders of removal.[3] 8 U.S.C. § 1252(d)(1) (formerly 8 U.S.C. § 1105a(c)). Exhaustion is not required when a petitioner challenges conditions imposed on bond. *See, e.g., Hermanowski v. Farquharson*, 39 F.Supp.2d 148, 154 (D.R.I.1999) (holding exhaustion not required in a post-deportation appeal for a § 2241 habeas writ challenging custody); *Tam v. INS*, 14 F.Supp.2d 1184, 1189 (E.D.Cal.1998) (same); *Morisath v. Smith*, 988 F.Supp. 1333, 1340 (W.D.Wash.1997) (stating in a post-deportation request for a habeas writ that "exhaustion [is not] required when a petitioner challenges the conditions of bond"); *Moskalev v. District Director, INS*, No. 95–11218–RGS, 1996 WL 622475, at * 2–3 (D.Mass. Feb.27, 1996) (finding exhaustion not necessary in suits challenging predeportation detention); *see also National Center for Immigrants' Rights v. INS*, 791 F.2d 1351, 1354 (9th Cir.1986) (asserting jurisdiction without exhaustion over a challenge to conditions imposed on bond prior to an order of deportation), *vacated on other grounds*, 481 U.S. 1009, 107 S.Ct. 1881, 95 L.Ed.2d 489 (1987); *Pastor–Camarena v. Smith*, 977 F.Supp. 1415, 1417 (W.D.Wash.1997) (finding no exhaustion requirement in a predeportation challenge to bond denial); *Dalis v. Brady*, 766 F.Supp. 901, 904–05 (D.Colo. 1991) (stating "[b]ond determinations are reviewable [on habeas petitions] as separate and distinct from deportation hearings"). Since "where Congress has not clearly required exhaustion, sound judicial discretion governs," *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) (citations omitted), this Court chooses to exercise jurisdiction over Rowe's petition.

### III. Review of Custody Determination

Rowe asserts that his continued detention without bond denies him of his constitutional right to due process, and he therefore seeks release from custody pending the resolution of his BIA appeal.

█ Because Rowe was involved in deportation proceedings on the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, Div.C., 110 Stat. 3009–546 (enacted Sept. 30, 1996) (codified at 8 U.S.C. § 1101 *et seq.*), the transitional rules of IIRIRA apply. *See* IIRIRA § 309(a), (c)(1). According to transitional rule § 303(b)(3)(B)(i), the Attorney General may release a criminal alien such as Rowe[4] from custody if "the alien was lawfully admitted to the United States and satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding." IIRIRA § 303(b)(3)(B)(i). The INS in this case determined that Rowe's past history of violence made him a danger to the community, and therefore ordered him held without bond. When the IJ denied Rowe's motion for a custody redetermination, she independently reached the same conclusion.

█ Decisions to deny bond are within the discretion of the Attorney General, *see Kamara v. Farquharson*, 2 F.Supp.2d 81, 87–88 (D.Mass.1998),[5] and can be judicially

---

3. The INS conceded at oral argument that exhaustion in this case was not statutorily mandated.

4. At oral argument, the INS acknowledged that Rowe had been ordered deported not because of any criminal offenses, but rather because he overstayed his six-month visa. Despite this, Rowe's assault and battery of a police officer conviction is an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(F). He therefore "is deportable by reason of having committed [an] offense covered in [INA] section 241(a)(2) ... (A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)]," IIRIRA § 303(b)(3)(A)(iii), which makes IIRIRA § 303(b)(3)(B) applicable.

5. The pre–1996 version of INA § 242(a)(1), 8 U.S.C. § 1252(a)(1), explicitly granted the Attorney General this discretion. Since IIRIRA § 309(c)(1)(B) advises courts in transitional rule cases to conduct the proceedings without regard to IIRIRA's changes, § 242(a)(1) still serves as a statutory source for the Attorney General's discretion.

overridden only when the alien carries his "heavy burden" to establish an abuse of that discretion. *United States ex rel. Barbour v. District Director of the INS,* 491 F.2d 573, 578 (5th Cir.1974); *see also Thause v. McElroy,* 856 F.Supp. 159, 160 (S.D.N.Y.1994) (finding an INS decision to deny bond subject to review for an abuse of discretion). To find an abuse, the Court must determine that the Attorney General's decision was without reasonable foundation in the record. *See Kamara,* 2 F.Supp.2d at 87–88; *O'Rourke v. Warden, Metro. Correction Center,* 539 F.Supp. 1131, 1135 (S.D.N.Y.1982).

In this case, the Court cannot find an abuse of discretion. Specifically relying upon Rowe's conviction for assault and battery and the prior domestic abuse restraining orders, the IJ concluded that Rowe's past history of violence made him a danger to the community. That conclusion was within the range of reasonable decisions that might have been reached on the record. It is not of consequence that the Court might have weighed the factors differently and arrived at a different conclusion.

Rowe points out that after he was first arrested on October 22, 1996, the INS released him on his personal recognizance and he complied with the imposed conditions. He argues that the INS's subsequent reversal of its position on essentially the same record was an arbitrary action that amounts to an abuse of discretion. What Rowe overlooks, however, is that even if the INS had acted arbitrarily, the IJ, acting on Rowe's request for a custody redetermination, made an independent evaluation of the record and came to an independent judgment that Rowe ought to be detained. The IJ was not bound by the previous INS determinations, nor may those determinations be held to affect the validity of the IJ's judgment. Here, regardless of the INS's change of position, the IJ independently concluded that Rowe's past history made him a danger to the community. Such a conclusion is sup-

ported by the record and did not constitute an abuse of discretion.

The petition for a writ of habeas corpus is DENIED.

It is SO ORDERED.