Rumierz v. INS                    CV-98-538-JD  06/26/99

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Antoni A. Rumierz</u>

        v.                          Civil No. 98-538-JD

<u>Immigration and Naturalization</u>
<u>Service</u>


O R D E R


    Antoni A. Rumierz, proceeding pro se and in forma pauperis, petitions for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241, seeking relief from detention by the Immigration and Naturalization Service ("INS"), arguing that his detention pending resolution of his deportation proceeding violates his Fifth and Eighth Amendment rights.  The INS filed a motion to dismiss the petition asserting that the mandatory detention provision of the Immigration and Nationality Act ("INA"), 8 U.S.C.A. § 1226(c), precludes release from detention.  Rumierz filed a brief in response, asserting that either § 1226(c) does not apply to him or that it is unconstitutional.  The court ordered additional briefing from the INS and provided an opportunity for Rumierz to respond.  As the parties' supplemental briefs now have been filed, the issues raised by the parties are addressed on the merits.

## Background

Antoni Rumierz is a citizen of Poland who immigrated to the United States in 1980. On March 15, 1994, the INS issued a show cause order to Rumierz charging that he was subject to deportation pursuant to the INA, 8 U.S.C.A. § 1251(a)(2)(A)(ii), because he had been convicted of two separate crimes involving "moral turpitude." On May 18, 1995, the INS took Rumierz into custody as an alien in the United States in violation of the immigration laws. Rumierz requested release, and the INS set his bail bond at $35,000, which was reduced to $20,000 the next day. Rumierz did not provide the bond and has remained in custody.

At his deportation hearing held on June 26, 1995, Rumierz, who was represented by counsel, applied for a waiver of deportation pursuant to a then-applicable provision of the INA, 8 U.S.C.A. § 1182(c). The immigration judge found Rumierz to be deportable as charged and denied his application for a waiver. Rumierz appealed the decision, and asked that the deportation proceeding be terminated since one of his convictions had been vacated. On May 15, 1996, the Board of Immigration Appeals ("BIA") remanded the proceedings. The INS submitted a new charge of deportability based on another conviction.

A second deportation hearing was held on May 24, 1996, that was continued until June 28. Through counsel, Rumierz conceded

2

that he was deportable as charged, but continued to seek a waiver pursuant to § 1182(c). The immigration judge determined that Rumierz remained eligible for § 1182(c) relief, despite the changes in the statute by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective on April 24, 1996. The immigration judge again decided, however, that Rumierz was not entitled to a waiver of deportation under § 1182(c). Rumierz again appealed the decision.

On September 30, 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") that further modified parts of the INA. Section 1182(c) was repealed as a part of the IIRIRA amendments. See Pub.L. 104-208, Div. C, Title III, § 304(b), 110 Stat. 3009-597 (Sept. 30, 1996). In addition, IIRIRA included both permanent and transitional provisions for the apprehension and detention of criminal aliens. See Pub.L. 104-208, Div. C, Title III, § § 303(a) and 303(b), 110 Stat. 3009-586 (Sept. 30, 1996).

In reviewing the record of Rumierz's appeal on August 13, 1997, the BIA found that the immigration judge's decision was missing and remanded the case to develop an adequate record for appeal. A hearing was held before the immigration judge on September 5, 1997. The judge again found that Rumierz was deportable, but this time she decided that he was not eligible

3

for relief pursuant to § 1182(c), which had been previously repealed. She also found that even if Rumierz were eligible for waiver under § 1182(c), she would again deny relief in the exercise of her discretion. Rumierz appealed the decision to the BIA, and his appeal remains pending.

Also on September 5, 1997, the immigration judge held a bond hearing, in response to Rumierz's request for a change in custody, and denied his request. On February 11 and April 3, 1998, Rumierz again asked for bond redetermination hearings. Each time the immigration judge denied his request, finding that his circumstances had not materially changed.

On September 22, 1998, Rumierz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241 on grounds that his detention violates his Fifth and Eighth Amendment rights. The IIRIRA transitional rules expired in October of 1998, and the permanent provisions became effective. Under the new provisions, custody of a detained deportable alien is mandatory except under certain narrow conditions that are not at issue in this case. See 8 U.S.C.A. § 1226(c)(2). As part of IIRIRA, Congress also provided that § 1226(c) would apply only to aliens "released after" the period of the transitional rules. Pub.L. 104-208, Div. C, Title III, § 303(b)(2).

4

## Discussion

The INS moves to dismiss Rumierz's petition on grounds that this court lacks jurisdiction to consider the petition and, even if jurisdiction exists, the mandatory detention provision, 8 U.S.C.A. § 1226(c), precludes Rumierz's claims. In response, Rumierz contends that § 1226(c) does not apply to him under the effective date provision of IIRIRA, and that § 1226(c) is unconstitutional.

## A. Jurisdiction

The issue of jurisdiction must be resolved before reaching the merits of the parties' argument. See Maghsoudi v. I.N.S., 1999 WL 391368 at *1 (1st Cir. June 10, 1999); Parella v. Retirement Bd., 173 F.3d 46, 53 (1st Cir. 1999). The INS contends that the jurisdictional holding in Goncalves v. Reno, 144 F.3d 110 (1st Cir. 1998), cert. denied, 119 S. Ct. 1140 (1999), does not apply in this case. In Goncalves, the court held that neither AEDPA nor IIRIRA repealed the right to seek habeas relief pursuant to § 2241 and that the new INA § 242(g), (8 U.S.C.A. § 1252(g)), did not preclude judicial consideration of the pure statutory question raised in that case. Id. at 123 and 125.

As the INS points out, § 1252 applies to judicial review of

5

orders of removal (deportation), not to challenges of detention pending removal, and § 1252(g) applies only to three specific types of removal decisions. 8 U.S.C.A. § 1252; see also Reno v. American-Arab Anti-Discrimination Comm., 119 S. Ct. 936, 944 (1999); Parra v. Perryman, 172 F.3d 954, 957 (7th Cir. 1999); but see Richardson v. Reno, 1999 WL 496241 at *5 (11th Cir. July 14, 1999). The INS argues that instead of § 1252(g), the judicial review provision pertaining to the apprehension and detention of aliens, 8 U.S.C.A. § 1226(e), bars review of Ramirez's petition.[1]

Section 1226(e) applies to discretionary judgments made under § 1226, which includes both discretionary and mandatory provisions. Section 1226(c) is a mandatory provision not subject to the Attorney General's discretion. Compare § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision . . . .") (emphasis added), with § 1226(c) "The Attorney General shall take into custody any alien who - . . . .") (emphasis added). In addition, Rumierz is

---

[1]Section 1226(e) provides:

The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

6

challenging the applicability of § 1226(c), not the particular action taken or decision made under the section. Therefore, § 1226(e) does not bar judicial review of Rumierz's challenge to the application of § 1226(c). Most courts that have considered the jurisdictional question have also found that § 1226(e) does not bar judicial review of an alien's challenge to the applicability of § 1226(c) as opposed to the INS's implementation of the statute. See, e.g., Parra, 172 F.3d at 957; Saucedo-Tellez v. Perryman, 1999 WL 494019 at *1 (N.D. Ill. July 2, 1999); Grant v. Zemski, 1999 WL 454860 at *2 (E.D. Pa. June 22, 1999); Aguilar v. Lewis, 1999 WL 404688 at *3-4 (E.D. Va. June 11, 1999); Van Eeton v. Beebe, 1999 WL 312130 at *1-2 (D. Or. Apr. 13, 1999); but see Edwards v. Blackman, 1999 WL 350122 at *3 (M.D. Pa. May 27, 1999).

B.  Application of § 1226(c)

Rumierz primarily argues that IIRIRA established that after the end of the period of the transition period custody rules, § 1226(c) "shall apply to individuals released after such periods." IIRIRA at § 303(b)(2) (not codified but included following 8 U.S.C.A. § 1226). He contends that because he was released from criminal custody long before the expiration of the transition rules, § 1226(c) does not apply to him. Inexplicably, the INS

7

ignores the argument Rumierz makes based on IIRIRA § 303(b)(2), and concentrates solely on whether the phrase "when the alien is released" in § 1226(c)(1) limits its application of the statute to aliens released from criminal custody after the effective date of § 1226(c).

In every case, which the court has found, that addresses the question of the effective date of § 1226(c) as provided by IIRIRA § 303(b)(2), each court has decided that the statute applies prospectively to aliens released from criminal custody after the expiration of the transition rules. See Saucedo-Tellez, 1999 WL 494019 at *2; Grant, 1999 WL 454860 at *4; Aguilar, 1999 WL 404688 at *5; Velasquez v. Reno, 37 F. Supp. 2d 663, 670 (D.N.J. 1999). The court finds the reasoning in those cases persuasive and the language of § 303(b)(2) dispositive, particularly since the INS has not provided any argument to the contrary. Since Rumierz was released from criminal custody long before October of 1998 and was in INS custody at that time, § 1226(c) does not apply to him. Given the explicit effective date provision in § 303(b)(2) of IIRIRA, it is not necessary to also consider the statutory construction issue the INS relies upon.

C.  <u>Disposition</u>

The disposition of Rumierz's petition requires further explanation.  In his petition, Rumierz alleged that he was being held by the INS without bail during his deportation proceedings and cites 8 U.S.C.A. § 1252(a), probably meaning § 1252(a)(2)(B), which was the mandatory detention provision in effect until the INA was amended in 1991.  <u>See</u> Pub.L. 102-232, 105 Stat. 1733, 1751 (1991).  However, the old version of § 1252(a) was not in effect when Ramirez was detained in 1995, and the immigration judge did set bond for him at $20,000.  Then, because Rumierz was in deportation proceedings on the effective date of the transition rules under IIRIRA and the final order of his removal has not yet been issued, the transition rules, § 303(b)(3)(B), governed his subsequent requests for custody redetermination.  <u>See, e.g.</u>, <u>Rowe v. I.N.S.</u>, 45 F. Supp. 2d 144, 146 (D. Mass. 1999).  His subsequent requests for bond redetermination, the last on April 13, 1998, were denied not because bond was unavailable, but because the immigration judge determined that the record did not establish that Rumierz's circumstances had materially changed.

On September 22, 1998, when Rumierz filed his petition, he was subject to the transition rules that permitted bond for detained aliens under specified terms.  <u>See</u> IIRIRA § 303(b)(3)(B)

9

(included after 8 U.S.C.A. § 1226). However, by the time the INS moved to dismiss the petition on December 22, 1998, the transition rules had expired, § 1226(c) had become effective, and the INS represented in its motion that Rumierz was detained without bail pursuant to § 1226(c). In his response, Rumierz also argued that he was subject to mandatory detention and challenged the application of § 1226(c) to him. Therefore, Rumierz's petition is construed to allege that he is in INS custody pursuant to mandatory detention under § 1226(c) and to challenge its application to him. For that reason, the petition is not construed to challenge the amount of the bond previously set by the immigration judge since that issue has not been available while the INS held Rumierz without bail under § 1226(c).

At the eleventh hour, however, the INS has submitted a supplemental memorandum in which it explains that it has recently determined that § 1226(c) does not apply to Rumeriez. The INS also represents that it has determined as a matter of discretion under § 1226(a) not to release Rumierz on bond, although that decision will be reviewed by an immigration judge pursuant to Rumierz's request. Accordingly, Rumierz's challenge to his detention pursuant to § 1226(c) is moot. Since his petition is construed to raise only that issue, it is denied.

10

<u>Conclusion</u>

For the foregoing reasons, the respondent's motion to dismiss (document no. 14) is denied. The petition for a writ of habeas corpus is denied as moot. The clerk of court is directed to enter judgment accordingly and to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

July 26, 1999

cc:  Antoni Andrzej Rumierz, pro se
     Brenda M. O'Malley, Esquire
     Peter Papps, Esquire

11