**Ryszard Stanislaw GRODZKI**

v.

**Janet RENO, Attorney General; Doris Meissner, Commissioner of the Immigration & Naturalization Service; Thomas P. Fischer, District Director of the Immigration & Naturalization Service; and the United States of America.**

**Civil No. 1:96–cv–2302–ODE.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 20, 1996.

John R. Strother, III, Robert J. Duffy, Duffy, Feemster & Lewis, Savannah, GA, for plaintiff.

Sharon Douglas Stokes, Lori M. Beranek, Asst. U.S. Attorneys, Atlanta, GA, for U.S.

## ORDER

ORINDA D. EVANS, District Judge.

This habeas corpus, 28 U.S.C. § 2241, and declaratory judgment, 28 U.S.C. § 2201, case is before the court for a ruling on an order to show cause why Petitioner should not be released from custody or alternatively directing Respondents to make an individualized determination of Petitioner's eligibility for release on bond. A hearing was held on September 12, 1996 which was attended by counsel for both sides. Both sides have filed briefs.[1]

Petitioner Grodzki is a permanent resident alien who has resided in the Northern District of Georgia since 1994. He has been held without bond since May 1996 at a federal detention center in Oakdale, Louisiana, pending the outcome of deportation proceed-

---

**1.** Respondents have also filed a motion to dismiss and a motion to file a brief in excess of page limits under L.R. 220–1(d) N.D.Ga. The motion to file a brief in excess of page limits is granted.

ings which were commenced at about the same time. The government's position is that the relevant statutory authority prohibits the setting of bond in Grodzki's case because of his 1987 drug conviction, which conviction also is the sole ground relied upon by the government in seeking Grodzki's deportation. Grodzki argues that the statute mandating his detention is unconstitutional or alternatively that it is facially inapplicable to him. The government argues that the statute is not unconstitutional and that it does apply to Grodzki. Alternatively, the government argues that if the statute is unconstitutional or is facially inapplicable, then the court should require the government to make an appropriate bond determination.

Turning to the facts, the petition states that Grodzki entered the United States as a refugee from Poland in 1979. He became a lawful permanent resident alien in November 1980 with an effective date of September 1979. On October 13, 1987, he was convicted of the state offense of possession with intent to distribute a controlled substance (cocaine) in Massachusetts. Grodzki was sentenced to two years, but was released after serving six months. While the government in its discretion could have instituted deportation proceedings at that time,[2] it did not do so. The petition recites that Grodzki has been a model citizen since his release from prison over eight years ago, that he owns an antique business and resides with his family in Ballground, Georgia. Numerous letters attached to Grodzki's brief support Grodzki's argument that he is a valued member of the community. The government agrees that Grodzki has not been in trouble with the law since the 1987 Massachusetts criminal case.

The apparent impetus for Grodzki's current detention is section 440(c) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which President Clinton signed into law on April 24, 1996. As a result of that legislation, the relevant statute, 8 U.S.C. § 1252(a)(2), now provides:

> The Attorney General shall take into custody any alien convicted of any criminal offense covered in section 1251(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1251(a)(2)(A)(ii) of this title for which both predicate offenses are covered by section 1251(a)(2)(A)(i) of this title, upon release of the alien from incarceration, shall deport the alien as expeditiously as possible. Notwithstanding paragraph (1) or subsections (c) and (d) of this section, the Attorney General shall not release such felon from custody.

Section 1251(a)(2)(B)(i) covers substance offenses (other than a single offense involving a small amount of marijuana) as a ground for deportation. Section 1252(a)(1) provides that with respect to aliens other than those described in section 1252(a)(2), the Attorney General may, in her discretion, take such alien into custody pending determination of deportability or set a bond in an amount not less than $500 with security approved by the Attorney General, and on such conditions as the Attorney General may proscribe.

Grodzki requested a change of custody status in Immigration Court, but that request was denied on July 3, 1996. On July 12, 1996, Grodzki appealed the change of custody decision to the Board of Immigration Appeals ("BIA"). That appeal is still pending.

Before reaching the merits of Grodzki's petition, the court will address the issues of jurisdiction and venue. The court notes, first of all, that it has subject matter jurisdiction in this case under Article III, Section 2 of the Constitution because Grodzki has raised a constitutional issue: whether he is being deprived of his liberty without due process of law.[3] Venue is proper in this

---

2. In 1988, 8 U.S.C. § 1251(a)(11) provided:

   Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation of a State, the United States, or a foreign country relating to

a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)).

3. It is well established that if an alien is a lawful permanent resident of the United States and remains physically present there, he is a person within the protection of the Fifth Amendment. He may not be deprived of his

district because Grodzki, a permanent resident alien, resides here. 28 U.S.C. § 1391(e). The Attorney General is Grodzki's custodian, 8 U.S.C. § 1252(a)(2), and the proper parties are before the court for consideration of declaratory relief. *See Robinson v. Pottinger,* 376 F.Supp. 615, 619 (M.D.Ala.1974) ("the Attorney General ... [is a] proper part[y] in a suit for declaratory judgment").

The government argues that this court lacks jurisdiction because Grodzki has failed to exhaust his administrative remedies by awaiting a decision on his appeal to the BIA. It is true, as the government points out, that an alien must exhaust his administrative remedies before seeking judicial review of an order of deportation or exclusion. 8 U.S.C. § 1105a(c) ("An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him under the immigration laws and regulations...."); *Asencio v. INS,* 37 F.3d 614, 615–16 (11th Cir.1994) (applying section 1105a(c)). But Grodzki is not seeking judicial review of an order of deportation. He is seeking judicial review of a determination that the government does not have the statutory authority to set bond in his case. The exhaustion requirements of section 1105a(c) are thus inapplicable. While the court may well have the power to add further, court-made exhaustion requirements, given Grodzki's status as a permanent resident alien, the length of his detention to date and the government's inability to afford him with a prompt ruling on his appeal to the BIA, the court finds that all necessary exhaustion requirements have been met.

In his petition, Grodzki asks to be released from custody or alternatively for an individualized bond determination hearing. Grodzki is, at this stage of the proceedings, essentially seeking emergency equitable relief. To be entitled to such relief, Grodzki must show: (1) a substantial likelihood of ultimate success on the merits; (2) that immediate relief is necessary to prevent irreparable injury; (3) that the threatened injury

outweighs any harm to the government; and (4) that temporary relief would serve the public interest. *Ingram v. Ault,* 50 F.3d 898, 900 (11th Cir.1995).

Grodzki contends that the mandatory detention provision of 8 U.S.C. § 1252(a)(2) does not apply to him because he was convicted and released before the effective date of the section, April 24, 1996. Although neither the United States Court of Appeals for the Eleventh Circuit nor any other circuit court has ruled on this point, a number of district courts have. In *DeMelo v. Cobb,* 936 F.Supp. 30, 36 (D.Mass.1996), the court held that the mandatory detention provision of section 1252(a)(2) did not apply to an alien convicted and released before the effective date of the section, reasoning that "the language 'upon release of the alien from incarceration' implies a release date after the effective date of [section 1252(a)(2) ]." *Id.* Essentially the same ruling was made in: *Montero v. Cobb,* 937 F.Supp. 88, 92 (D.Mass. 1996); *Villagomez v. Smith,* Case No. C96–1141C, slip op. at 5–6 (W.D.Wash. July 31, 1996); and *In re Reyes,* Case No. B–94–80, slip op. at 5 (S.D.Tex. May 31, 1996).

The court agrees that the language "upon release ... from incarceration" modifies the phrase "[t]he Attorney General shall take into custody." However, in this case the court does not need to go so far as to say that this section only applies where the date is after the effective date of section 1252(a)(2). The court does hold that the language "upon release ... from incarceration" at least implies that custody commence within a reasonable time after release from incarceration. By no stretch of the imagination does eight years after release from incarceration qualify as "upon" release from incarceration.

The court thus finds that Grodzki has a substantial likelihood of success on the merits. The court also finds that the continued detention of Grodzki, a permanent resident alien, without affording him an individualized bond determination hearing, constitutes irreparable injury and that emergency relief is

life, liberty or property without due process of law.

*Kwong Hai Chew v. Colding,* 344 U.S. 590, 596, 73 S.Ct. 472, 477, 97 L.Ed. 576 (1953).

necessary to prevent this injury. The court further finds that the harm to Grodzki of such continued detention outweighs any harm to the government in providing Grodzki with an individualized bond determination hearing. The court finds, lastly, that such proceedings would be in the public interest.

The court notes Grodzki's request for an order enjoining the deportation proceedings. However, no showing sufficient to warrant this action has been made at this time. Grodzki's motion for a stay of the deportation proceedings is denied.

The government is thus directed to release Grodzki from custody no later than 5:00 P.M. on Wednesday, September 25, 1996 unless an individualized bond determination hearing prior to that time is held and it is determined that Grodzki is a flight risk or a danger to the community.

Accordingly, Petitioner's request for emergency relief requiring an individualized bond determination hearing [# 1] is GRANTED; Respondents' motion to dismiss [# 5] is DENIED; Petitioner's request for stay of the deportation proceedings [# 1] is DENIED; and Respondents' motion to file a brief in excess of page limits [# 4] is GRANTED.

SO ORDERED.