BOOCHEVER, Circuit Judge:
 

 Douglas L. Hadsell (“Hadsell”), proceeding in forma pauperis, sought redetermination in the United States Tax Court of owed taxes and additions to tax. Without tendering the required mileage and witness fees, Hadsell subpoenaed duces tecum three witnesses and asked each to bring documents to trial, including documents seized by a police officer pursuant to a search warrant related to another matter. None of the witnesses appeared at trial and the court refused to en
 
 *-833
 
 force the subpoenas because mileage and witness fees were not tendered. The court affirmed most of the Commissioner’s findings. Hadsell claims that the tax court’s refusal to enforce the subpoenas despite his indigence violated his due process right of access to the courts.
 

 FACTS
 

 On December 9,1992, the Commissioner of Internal Revenue (“the Commissioner”) issued three notices of deficiency against Douglas Hadsell for tax years 1988,1989, and 1990. During those years, Hadsell worked on commercial fishing boats off the coasts of Oregon, Washington, and Alaska and received additional income from Pacific Tire and Brake, Lai Fong Inn, and the State of Oregon Employment Division. The Commissioner used the standard deduction and the filing status of “single” to determine that Hadsell owed income and self-employment taxes for each year. The Commissioner likewise determined that Hadsell had failed to file timely tax returns and failed to pay estimated taxes for each of the years at issue. For the violations, the Commissioner imposed additions to tax, pursuant to Sections 6651(a)(1) and 6654 of the Internal Revenue Code. In the end, the Commissioner determined that Hadsell owed $2821.98 for tax year 1988, $5583.93 for 1989, and $4991.55 for 1990.
 

 On January 29, 1993, Hadsell filed a petition in the United States Tax Court seeking redetermination of the tax deficiencies. The tax court permitted him to proceed in forma pauperis. Hadsell claimed that his accountant had filed tax returns on his behalf for the years in question, that he was entitled to deductions for business expenses, and that he was entitled to have his tax liability calculated on the basis of “married, filing joint return” status for 1990.
 

 The case was calendared for trial on October 14, 1993, in the Parole Board Room at the Oregon State Penitentiary, HadseU’s place of residence at the time. Before trial, Hadsell petitioned the tax court to waive the witness and mileage fees required by Tax Court Rules 146 and 148 to enable him to subpoena duces tecum three witnesses in for-ma pauperis. The court denied the petition. Hadsell served three subpoenas duces tecum without tendering the required witness and mileage fees, claiming that he was completely without income due to his incarcerated status. The first subpoena was issued to Detective Mike Menzies, a police officer with the Newport, Oregon, police department, commanding him to appear at trial and to bring with him:
 

 Two (2) cardboard boxes with Miscelaneous (sic) Papers that you seized and described in Your Return to Search Warrant dated January 9th, 1992. And each and every item made from paper and/or paper products, including Reciepts (sic), photocopies, envelopes, photographs, Letters, Correspondences, Tax Papers, Books, Magazines, Folders, and all other things that you siezed (sic) made of paper or paper products.
 

 The second subpoena was mailed to Lai Fong Lee, the owner of Lai Fong Inn, commanding her to appear at trial and to bring with her all of Hadsell’s employment records. The final one was mailed to his wife, Zong Gan Yu Hadsell, commanding her to appear at trial and to bring their marriage license, as well as residency and financial records. None of the above named appeared at trial, and Hadsell argued before the tax court that it erred in refusing to enforce the subpoenas.
 

 The tax court filed an opinion on May 4, 1994 that found that Hadsell had incurred $750 of deductible expenses. The court found his testimony regarding further deductions to be “vague and unsupported” and upheld the Commissioner’s determinations as to the remaining deductions, HadseU’s return filing status, and the additions to tax. The court further held that it had no authority to waive the subpoena fees and “civil Utigants such as petitioner before this Court enjoy no constitutional right to have the Federal Government pay their Utigation expenses, and that the party who summons a witness is responsible for paying the fees and mileage to which the witness is entitled under Rules 147 and 148(c).” HadseU argues on appeal that the court’s refusal to either pay the witness fees or, at a minimum, sua sponte subpoena his tax records, deprived him of legitimate access to the courts, in contravention of the Due Process Clause of the Fourteenth Amendment.
 

 
 *-832
 
 ANALYSIS
 

 Tax Court Rule 147 requires that service of a subpoena shall be made by delivering a copy to the named person and “by tendering to such person the fees for one day’s attendance and the mileage allowed by law.” Tax Ct.R. 147(c);
 
 see also
 
 Fed.R.Civ.P. 45(b) (setting out analogous requirements). Witnesses summoned to trial in the tax court shall receive the “same fees and mileage as witnesses in the United States District Courts.” Tax Ct.R. 148(a); 26 U.S.C. § 7457(a).
 

 Hadsell moved for permission to proceed in forma pauperis with the subpoenas duces tecum. Citing
 
 Tedder v. Odel,
 
 890 F.2d 210 (9th Cir.1989) (per curiam), the tax court noted that 28 U.S.C. § 1915, the in forma pauperis statute, does not permit courts to waive the witness and mileage fees required to subpoena a witness.
 

 In
 
 Tedder,
 
 this court held:
 

 Although the plain language of section 1915 provides for service of process for an indigent’s witnesses, it does not waive payment of fees or expenses for those witnesses. The Supreme Court has declared that “the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress....”
 
 United States v. MacCollom,
 
 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976). We join the Third, Sixth, Seventh, and Eighth Circuits in finding no such authorization in section 1915.
 

 Tedder,
 
 890 F.2d at 211-12.
 

 In this case, however, Hadsell does not argue that section 1915 grants discretion to. waive witness and mileage fees for subpoenas. He does contend that the requirement to tender fees in order to subpoena a witness is constitutionally infirm as applied to indigents and that the tax court violated his due process right to access to the courts by applying it to him. We review this question of law de novo.
 
 Ann Jackson Family Found. v. Commissioner,
 
 15 F.3d 917, 920 (9th Cir. 1994).
 

 Hadsell analogizes his case to
 
 Boddie v. Connecticut,
 
 401 U.S. 371, 382, 91 S.Ct. 780, 788, 28 L.Ed.2d 113 (1971), in which the Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires that indigent individuals have the opportunity to go into court to obtain a divorce without paying filing fees that they cannot afford. The
 
 Boddie
 
 holding rests on two predicates: “the basic position of the marriage relationship in this society’s hierarchy of values and the concomitant state monopolization of the means for legally dissolving this relationship.”
 
 Id.
 
 at 374, 91 S.Ct. at 784. Hadsell argues that as with divorce, the government here controls the only means of resolving the conflict with the Tax Commissioner. Further, like marriage, the opportunity for a fair trial has been determined to be fundamental within our society.
 

 Bounds v. Smith,
 
 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), further iterated the right of access to the courts, defining the right as broader than the right to be heard.
 
 Bounds
 
 focused on the right to be able to prepare and present one’s case adequately and meaningfully.
 
 Id.
 
 at 822, 824, 97 S.Ct. at 1495, 1496. Hadsell suggests that without the ability to subpoena his witnesses and documents, particularly his tax papers seized by the Newport Police Department, which he claims would substantiate his in-court testimony and drastically alter the outcome of the trial, he has been deprived of his due process right of meaningful access to the courts.
 

 At least two circuits have held that the Constitution does not require the government to subsidize witness fees in the case of an indigent litigant.
 
 McNeil v. Lowney,
 
 831 F.2d 1368 (7th Cir.1987);
 
 Johnson v. Hubbard,
 
 698 F.2d 286, 289 (6th Cir.1983). In
 
 Johnson
 
 (a civil rights action brought by a prisoner), the Sixth Circuit noted a distinction between “actual access to the court and procedures essential to the trial process.”
 
 Johnson,
 
 698 F.2d at 288. The court noted that filing fees may actually block access to a court, and lack of law libraries or legal assistance may make it impossible for an indigent prisoner to prepare a ease. On the other hand, “[witness fees clearly fall in the category of items such as trial transcripts, depositions, and other documents, which the constitution does not require a court, or in practical terms, the federal government, to pay for at the request of the indigent party.”
 
 Id.
 
 at 289. The right of access, the court held, does not include the right to a “perfect
 
 *-831
 
 trial in all aspects.”
 
 Id.
 
 The court determined that the plaintiff was provided with the access that
 
 Boddie
 
 required and the opportunity to develop his ease as demanded by
 
 Bounds,
 
 noting that “Johnson has numerous alternative methods to proceed with his case.”
 
 Id.
 

 In
 
 McNeil v. Lowney,
 
 the Seventh Circuit likewise determined that “the right of access to the courts does not independently include a waiver of witness fees so that the indigent litigant can present his case fully to the court.”
 
 Id.
 
 at 1373.
 
 McNeil,
 
 like
 
 Johnson,
 
 analyzed the facts of the case and determined that the plaintiffs inability to subpoena witnesses did not deny him access to the courts because he had alternatives to the subpoenaed witnesses that could have been used to support his claims.
 

 Unlike the litigants in
 
 Johnson
 
 and
 
 McNeil,
 
 Hadsell did not have adequate alternatives for proving all of his claims. On the one hand, the tax court did not err by denying witness fees to Zong Gan Yu Hadsell, because Hadsell could testify as to the date of their marriage as readily as she could have. Nor did it err in denying fees to Lai Fong Lee, because her testimony was not essential to resolve the questions of whether certain expenses were business deductions or whether Hadsell had appropriately filed his tax returns. As to the seized tax records, on the other hand, Hadsell claims that they alone could substantiate his claim that he had indeed properly filed tax returns in the years in question.
 

 In this case, we need not decide whether Tax Court Rule 147 is unconstitutional as applied to indigent litigants. Had-sell’s ease involves a narrower issue. When Hadsell, an incarcerated party who was litigating this case pro se, requested to proceed in forma pauperis with the subpoenas, the tax court should have read this request liberally and determined more precisely what it was that Hadsell sought.
 
 See Maisano v. Welcher,
 
 940 F.2d 499, 501 n. 2 (9th Cir.1991) (recognizing that courts read pro se papers liberally). According to the record before us, the tax papers that Hadsell subpoenaed were his, seized in a search of his home unrelated to this tax proceeding. Hadsell was convicted of the crime related to the search and seizure, and is currently in the Oregon State Penitentiary. Presumably, the Newport Police Department has no further use for his tax records. With his tax records in hand, Hadsell would not have needed to subpoena Detective Menzies to appear at his trial and thus would not need to tender witness fees.
 

 Without having to declare section 1915 unconstitutional as applied to Hadsell, the tax court could have attempted to acquire these records in at least two ways. By relying on Federal Rule of Evidence 614(a), the court could have, on its own accord, called Detective Menzies and ordered him to bring with him Hadsell’s tax records that were still in the possession of the Newport Police Department. Rule 614(a) provides that a “court may, on its own motion ..., call witnesses.”
 
 See
 
 Tax Ct.R. 143(a) (trials before tax court to be conducted according to rules of evidence applicable in United States District Courts);
 
 United States Marshals Serv. v. Means,
 
 741 F.2d 1053, 1057-59 (8th Cir.1984) (holding that fees for witnesses called by a court’s motion may be ordered advanced by the government as a party and later taxed as “costs”). Alternatively, it could have granted Hadsell a continuance with the suggestion that he seek the return of the documents directly from the City of Newport, either through administrative channels or an action in state court.
 

 In its Memorandum Opinion determining Hadsell’s tax deficiencies, the tax court noted the lack of evidence substantiating Hadsell’s claims that he had indeed filed his tax returns and that he was due several business-related deductions. Hadsell asserts that the documents and records in Detective Menzies’s possession would have proven these claims. In a case such as this, where the court explicitly notes the lack of needed evidence and the plaintiff claims that just that evidence is available but beyond his reach due to his incarceration, the plaintiff presents a serious question of meaningful access to the courts as described in
 
 Boddie
 
 and
 
 Bounds.
 
 If a waiver of witness fees were the only means by which Hadsell could obtain that evidence, the constitutionality of section 1915 as applied to him would be at issue. Given the alternative remedies discussed above, however, we do not reach this constitutional question.
 
 See Jean v. Nelson,
 
 472 U.S. 846, 854, 105 S.Ct. 2992, 2996-97, 86 L.Ed.2d 664 (1985) (noting prudential rule that federal courts avoid constitutional questions when an issue can be resolved on nar
 
 *-830
 
 rower grounds);
 
 Carreras v. City of Anaheim,
 
 768 F.2d 1039, 1042 (9th Cir.1985) (same).
 

 We therefore VACATE the decision of the United States Tax Court and REMAND for the court to consider its power either to call Detective Menzies as a witness, bringing with him the requested tax documents, under Federal Rule of Evidence 614(a), or to continue the hearing to allow Hadsell an opportunity to obtain the documents directly. We do not intend by this discussion to limit the tax court’s ability to consider other methods of addressing the problems of this incarcerated pro se litigant, while also keeping the case moving in reasonable fashion.