**Francisco PASTOR–CAMARENA,**
**Petitioner,**

v.

**Richard SMITH, et al., Respondents.**

**No. C97–993WD.**

United States District Court,
W.D. Washington.

July 24, 1997.

Robert Pauw, Gibbs & Houston, Seattle, WA, for Petitioner.

Christopher Lee Pickrell, U.S. Attorney's Office, Seattle, WA, David B. Hopkins, U.S. Dept. of Justice, I.N.S., Seattle, WA, Teresa A. Wallbaum, U.S. Dept. of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

## ORDER ON PETITIONER'S HABEAS PETITION AND RESPONDENTS' MOTION TO DISMISS

DWYER, District Judge.

### I. INTRODUCTION

Petitioner is an illegal alien who reentered the United States in 1986 after having been deported following a conviction for possession of heroin. Upon his return he assumed another name and began living with a United States citizen, Lupelele Salausa, who had one daughter, also a citizen. Petitioner and Ms. Salausa have had five children together, all U.S. citizens. Petitioner, who lives with his wife and children, owns and operates a leather goods store in Pasco, Washington. Acting on an anonymous tip, the Immigration and Naturalization Service ("INS") arrested petitioner at his business on May 30, 1997, and began deportation proceedings against him. He has been in custody since then.

An Immigration Judge has refused to set a bond amount based on Board of Immigration Appeals' ("BIA") decisions that interpret section 303(b)(3) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No 104–208, 110 Stat. 3009 (1996), to prohibit release on bond of illegal aliens with convictions for certain criminal offenses. *In re Noble,* Interim Decision # 3301 (BIA 1997); *In re Valdez,* Interim Decision # 3302 (BIA 1997). This result has been affirmed by the District Director.

Petitioner has moved for writs of habeas corpus and mandamus. He seeks a declaration that the INS's interpretation of section 303(b)(3) is arbitrary and capricious and a violation of the Due Process Clause and the Eighth Amendment, and an order releasing him from custody pending the deportation proceedings against him. Respondents oppose his petition and move for dismissal for lack of jurisdiction and failure to exhaust administrative remedies. A show cause hearing was conducted on July 16, 1997, at which counsel for the parties presented argument. All materials filed in support of or opposition to the petition and motion, and argument of counsel, have been fully considered.

The statutory provision in question is a transitional rule that temporarily suspends operation of section 236(c)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c)(1). It states that

> the Attorney General shall take into custody any alien [who has committed a specified criminal offense] when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

IIRIRA § 303(b)(3)(A). At issue is the meaning of the phrase "when the alien is released."

Petitioner argues that immigration law historically has distinguished between two classes of aliens—those who are taken into custody from the community and those who are released from the criminal justice system to INS custody. Those in the first category, such as petitioner, are presumed to be eligible for release from custody on bond. He argues that basic rules of statutory construction require that section 303(b)(3) incorporate this distinction for the phrase to have meaning. Moreover, petitioner argues, section 236, when it becomes effective, explicitly will apply to persons released after the transition period. IIRIRA, § 303(b)(2). Petitioner contends that respondents' interpretation of the transitional rule is therefore arbitrary and capricious, as well as violative of his due process and Eighth Amendment rights.

Respondents argue that the court lacks jurisdiction because petitioner has failed to exhaust his administrative remedies, and because section 236(e) of the INA, 8 U.S.C. § 1226(e), bars judicial review of the detention decision. Respondents urge dismissal of the petition on those grounds. In addition, respondents argue that the INS's interpretation of the statute is reasonable and that petitioner does not have a cognizable liberty interest to release from custody pending removal proceedings.

### II. JURISDICTION

Because the INS's decision that petitioner is ineligible for release on bond has not been

made under a provision of INA § 236, the limitations on judicial review contained in section 236(e), 8 U.S.C. § 1226(e), are inapplicable.

In addition, review is not precluded by petitioner's failure to exhaust administrative remedies. Generally, an alien must exhaust administrative remedies before seeking review of a deportation order. 8 U.S.C. § 1252(d) (formerly 8 U.S.C. § 1105(a)(c)). Exhaustion is not required, however, if an alien seeks relief not inconsistent with an order of deportation, *Cheng Fan Kwok v. INS*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968), nor where a petitioner challenges the conditions of bond. *Nat'l Center for Immigrants' Rights v. INS*, 791 F.2d 1351, 1354 (9th Cir.1986), *vacated on other grounds*, 481 U.S. 1009, 107 S.Ct. 1881, 95 L.Ed.2d 489 (1987). *See also Montero v. Cobb*, 937 F.Supp. 88, 90–91 (D.Mass.1996) (exhaustion not required for challenge of pre-deportation detention). Exhaustion is also not required if it would be futile. *American–Arab Anti–Discrimination Committee v. Reno*, 70 F.3d 1045, 1058 (9th Cir.1995). The BIA has recently interpreted the statutory provision in question in an *en banc* proceeding. *In re Noble*, Interim Decision # 3301 (BIA 1997). There is no reason to believe that the result would be a different if petitioner were to present his challenge first to the BIA, and months could be lost in the process. Under these circumstances, the court has jurisdiction to consider this petition.

## III. STATUTORY INTERPRETATION

It is not necessary to reach the constitutional issues presented by petitioner because the statutory construction issue is decisive. When reviewing an agency's interpretation of a statute, established canons of statutory construction apply. *I.N.S.v. Cardoza–Fonseca*, 480 U.S. 421, 431, 107 S.Ct. 1207, 1212–13, 94 L.Ed.2d 434 (1987). The words used are to be given their ordinary meaning, *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and the language in question is to be construed in harmony with related provisions and the statute as a whole.

*K Mart Corp. v. Cartier Inc.*, 486 U.S. 281, 291, 108 S.Ct. 1811, 1817–18, 100 L.Ed.2d 313 (1988). Language should not be construed in a way that renders a term surplusage. *United States v. Menasche*, 348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. 615 (1955). Where Congress's intent is clearly expressed, it must be given effect. *Chevron, U.S.A*, at 842–43, 104 S.Ct. at 2781–82. If the language regarding intent is ambiguous, the court must defer to the agency's reasonable interpretation of the statute. *Id.* at 843, 104 S.Ct. at 2781. An agency's interpretation may be overturned only if it is arbitrary, capricious, or manifestly contrary to law. *Ibid.*

The context and structure of the statute make it clear that the "when the alien is released" language of IIRIRA, § 303(b)(3)(A), must apply to aliens who are being released from incarceration on the underlying offense. The plain meaning of the words, if read to add content to the provision, show this. Moreover, the statute is explicit that the amendments the transition rules replace, when effective, "shall apply to individuals released after such periods [i.e., the term of the transition rules]." IIRIRA, § 303(b)(2).

Before the recent amendments to the INA, section 242(a)(2)(B) of the Act, 8 U.S.C. § 1252(a)(2)(B), governed the detention of aliens with criminal convictions pending deportation proceedings. Section 242(a)(2) of the Act was amended by section 440(c) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996), to govern the custody and detention of most criminal aliens. This new language, suspended by the transition rules, provides that the

> Attorney General shall take into custody any alien convicted of any criminal offense [specified in deportation sections], *upon release of the alien from incarceration, . . . .*

AEDPA § 440(c), 8 U.S.C. § 1252(a)(2). The plain meaning of this language is that it applies immediately after release from incarceration, not to aliens released many year earlier. *See, e.g., Grodzki v. Reno*, 950

F.Supp. 339, 342 (N.D.Ga.1996); *Montero v. Cobb,* 937 F.Supp. 88 (D.Mass.1996).

In this context, it was arbitrary and capricious for respondents to interpret the language of IIRIRA § 303(b)(3) to include aliens, like petitioner, who were released from incarceration many years before coming into the custody of the INS for deportation proceedings.

For the reasons stated, the petition for a writ of habeas corpus is granted. The relief to which petitioner is entitled, however, is not an order for his immediate release. Instead, this case is remanded to the agency with instructions to provide petitioner with an individualized bond hearing within fourteen days of the date of this order, and to determine whether, and under what conditions, petitioner may be released from custody pending the conclusion of the deportation proceedings against him.