Yahya ALWADAY, Petitioner,

v.

David V. BEEBE, in his capacity as District Director, United States Immigration and Naturalization Service, Portland, Oregon or Any Person Having Custody of the Said Petitioner in Custody, District Director, Respondents.

No. CV 98–1581–PA.

United States District Court,
D. Oregon.

Jan. 29, 1999.

Naveed D. Shomloo, Shomloo & Shomloo, L.L.C., Attorneys at Law, Portland, OR, for petitioner.

Kristine Olson, United States Attorney, Craig J. Casey, Assistant, U.S. Attorney, Portland, OR, Michelle E. Gorden, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for respondents.

## OPINION

PANNER, District Judge.

Petitioner Yahya Alwaday (aka Al-Waday), a citizen of Yemen, brings this petition for writ of habeas corpus under 28 U.S.C. § 2241 against respondent David V. Beebe, District Director, U.S. Immigration and Naturalization Service (INS).[1] Petitioner claims that respondent is illegally detaining him without bond pending removal proceedings.

Petitioner moves for an order releasing him on personal recognizance or on conditional release supervised by this court's Pretrial Services. I grant the petition in part and order respondent to hold a hearing within 30 days from the date of this order to determine petitioner's eligibility for release on bond.

## BACKGROUND

Petitioner was born in Yemen. He is thirty-six years old.[2] He entered the United States in April 1987, on a visa valid until October 1987.

In May 1990, petitioner was arrested in Alexandria, Virginia, for assaulting a woman in an apparent act of domestic violence. On June 11, 1990, petitioner pleaded guilty in a Virginia state court to assault and battery. He received a one-year suspended sentence and two years' probation.

On July 2, 1990, the INS arrested petitioner. The INS released petitioner the next day on a $2,500 cash bond.

In April 1991, an INS judge issued an in absentia order of deportation against petitioner. In July 1991, the INS issued a warrant of deportation for petitioner. In December 1991, the bond was forfeited.

In April 1994, petitioner married a United States citizen. Petitioner and his wife live in the Portland area. In 1997, petitioner applied for adjustment of status because of his marriage to a United States citizen.

On November 6, 1998, petitioner was arrested by INS agents based on the 1991 absentia order of deportation. The INS lodged additional charges of deportability against petitioner, alleging that petitioner's conviction was for an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii).

In December 1998, the immigration judge in Virginia who had issued the 1991 absentia order of deportation rescinded the order, finding that petitioner had not been given proper notice and that petitioner's absence was excused. The immigration judge changed the venue of the deportation proceedings from Arlington, Virginia, to Portland.

On December 16, 1998, an immigration judge in Portland, Judge Michael Bennett, ordered that petitioner be held without bond pending deportation proceedings because petitioner had an aggravated felony conviction. Petitioner appealed Judge Bennett's decision to the Board of Immigration Appeals (BIA). By letter dated January 6, 1999, however, petitioner withdrew his appeal.

---

**1.** In addition to Beebe, the petition names as respondent "any person having custody of the said petitioner in custody." For convenience, I will refer to respondent in the singular.

**2.** There are at least three different birth dates for petitioner in the record: (1) June 13, 1962 is listed in petitioner's Multnomah County wedding license; (2) October 10, 1959 is the birth date found by an INS investigator; and (3) December 1, 1959 is the birth date on petitioner's FBI fingerprint match report. Shomloo Decl., Exh. 5, at 4; Resp't's Exh. B, at 2; Resp't's Exh. K, at 2.

## DISCUSSION

Petitioner contends that detention without the possibility of bond violates his statutory and constitutional rights.

### I. Jurisdiction

#### A. Habeas Jurisdiction

█ Respondent contends that this court has no jurisdiction to review an alien's challenge to detention without bond. Respondent cites § 236(e) of the Immigration and Nationality Act (INA), which provides,

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). Respondent also cites INA § 242(g):

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

Respondent concedes, however, that his argument is contrary to Ninth Circuit law. *See Magana–Pizano v. INS,* 152 F.3d 1213, 1220–21 (9th Cir.) (as applied, 8 U.S.C. § 1252(g) violates Suspension Clause, U.S. Const., art. I, § 9, cl. 2, which forbids Congress from completely foreclosing judicial review of executive detention), *amended by* 159 F.3d 1217 (9th Cir.), *petitions for cert. filed,* 67 U.S.L.W.

3364 (U.S. Nov. 18, 1998) & 67 U.S.L.W. 3410 (U.S. Dec. 21, 1998). This court has jurisdiction to grant habeas relief if petitioner is " 'in custody in violation of the Constitution or laws or treaties of the United States.' " *Id.* at 1222 (quoting 28 U.S.C. § 2241(c)(3)).

#### B. Exhaustion of Remedies

Respondent argues that this court lacks jurisdiction because petitioner filed an administrative appeal with the BIA while pursuing his habeas petition in this court. Petitioner has abandoned his appeal to the BIA, so the finality of the detention order is not an issue. *See* 8 C.F.R. § 236.1(d) (allowing, but not requiring, intra-agency appeals of INS custody determinations); *Young v. Reno,* 114 F.3d 879, 882 (9th Cir.1997) ("because the regulations do not explicitly require a petitioner to appeal to the BIA prior to seeking judicial review, such intra-agency review is optional").

█ Respondent has not cited any statute requiring that aliens exhaust administrative remedies before challenging detention in court. *See Tam v. INS,* 14 F.Supp.2d 1184, 1189 (E.D.Cal.1998) ("Congress has not specifically mandated exhaustion before judicial review of custody determinations."). In the absence of a statute, this court has discretion whether to require exhaustion. *Id.* (citing *McCarthy v. Madigan,* 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992)).

█ Respondent argues that the BIA, with its special expertise, should have the first opportunity to construe the mandatory detention provisions of INA § 236(c). I conclude, however, that requiring exhaustion would be futile here. The BIA has already determined that the Transition Period Custody Rules (TPCRs),[3] which in-

---

**3.** The TPCRs were in effect between October 9, 1996 and October 9, 1998, when they were replaced by INA § 236. *See Richardson v. Reno,* 162 F.3d 1338, 1349 (11th Cir.1998). Like INA § 236(c), the TPCRs required that an alien with certain criminal convictions be taken into INS custody "when the alien is released." Illegal Immigration Reform and

Immigrant Responsibility Act (IIRIRA), Pub.L. No. 104–208, 110 Stat. 3009, § 303(b)(3)(A) (1996) (text in historical notes following 8 U.S.C.A. § 1226 (Supp.1998)). The TPCRs did give the Attorney General discretion to release some criminal aliens on bond. *Id.* at § 303(b)(3)(B).

cluded wording similar to § 236(c), applied to aliens who had been released from prison before the TPCRs' effective date. *Pastor–Camarena v. Smith,* 977 F.Supp. 1415, 1417 (W.D.Wa.1997) (exhaustion futile in light of *In re Noble,* Int. Dec. 1331, 1997 WL 61453 (BIA 1997)); *see also In re Valdez,* Int. Dec. 3302, 1997 WL 80989 (BIA 1997) (adhering to Noble's reasoning). In light of its ruling on the TPCRs, the BIA is unlikely to agree with petitioner that § 236(c)(1) does not apply to him. *See Pastor–Camarena,* 977 F.Supp. at 1417.

## II. The Merits of the Petition

### A. Application of INA § 236

■ The INS is detaining petitioner under INA § 236(c)(1), which requires that the Attorney General "take into custody any alien who [has been convicted of certain crimes] *when the alien is released,* without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1) (emphasis added). The Attorney General may release aliens subject to mandatory detention under INA § 236(c)(1) only to protect witnesses, persons cooperating with criminal investigations, or family members or associates of witnesses. 8 U.S.C. § 1226(c)(2) (alien also must establish that he or she "will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding").

I conclude that INA § 236(c) does not apply to petitioner. He was not incarcerated for his criminal conviction, so his "release," if any, occurred no later than 1991. Section 236(c) requires that the Attorney General take custody of certain criminal aliens "when the alien is released." Had Congress intended that § 236(c) apply retroactively to aliens released from incarceration on criminal convictions before the statute's effective date, Congress could have required custody "regardless of when the alien is released" or "at any time after the alien is released." *See Pastor–Camarena,* 977 F.Supp. at 1417. I agree with Judge Dwyer that it is "arbitrary and capricious for respondent[ ] to interpret (the phrase ['when the alien is released' "] to include aliens, like petitioner, who were released from incarceration many years before coming into the custody of the INS for deportation proceedings. *Id.* at 1418 (construing TPCRs, found in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104–208, 110 Stat. 1570, § 303(b)(3)(A) (text in historical notes following 8 U.S.C.A. § 1226)); *see also Montero v. Cobb,* 937 F.Supp. 88, 92–95 (D.Mass.1996) (§ 440(c) of the Antiterrorism and Effective Death Penalty Act (AEDPA), 8 U.S.C. § 1252(a)(2) (superseded), which required that the Attorney General ("take into custody any alien convicted of [specified crimes] upon release of the alien from incarceration," did not apply to aliens released before the statute's effective date); *Grodzki v. Reno,* 950 F.Supp. 339, 343 (N.D.Ga.1996).

My determination that § 236(c) applies only prospectively is supported by the legislation setting the statute's effective date. Congress provided that "the provisions of such section 236(c) shall apply to individuals released after [the TPCRs expire]." IIRIRA § 303(b)(2). The TPCRs expired October 9, 1998, so § 236(c) applies only to aliens released from incarceration after that date. *See Garvin–Noble,* 1997 WL 61453, at 22(BIA) (Rosenberg, dissenting) (IIRIRA § 303(b)(2) "does not say that section 236(c) shall apply to any criminal alien without regard to the date of release from incarceration. It states that the mandatory detention provisions found in section 236(c) shall apply to those released from incarceration within the criminal justice system after the transition rules end, emphasizing that the aliens who will be covered by the detention provisions that take effect at that time are only those who are subsequently released from incarceration.").

Because the mandatory detention provisions of § 236(c)(1) do not apply to petitioner, respondent must consider at a hearing "whether, and under what conditions, petitioner may be released from custody pending the conclusion of the deportation proceedings against him." *Pastor-Camarena*, 977 F.Supp. at 1418. INA § 236(a) allows the Attorney General to release aliens pending removal proceedings on "a bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General." 8 U.S.C. § 1226(a)(2)(A).

### B. Constitutional Issues

Petitioner contends that application of § 236(c) violates his Fifth Amendment rights to substantive and procedural due process. *Compare Martinez v. Greene*, 28 F.Supp.2d 1275, 1281–84 (D.Colo.1998) (mandatory detention under INA § 236(c) is unconstitutional) *with Richardson v. Reno*, 162 F.3d 1338, 1362–63 (11th Cir. 1998) (alien's ability to submit written request for bond to INS district director, without review by immigration judge, satisfied due process). Because I conclude as a matter of statutory interpretation that § 236(c) does not apply to petitioner, I will not address petitioner's constitutional claims. *Hadsell v. C.I.R.*, 107 F.3d 750, 753–54 (9th Cir.1997) (court should avoid constitutional questions if issue can be resolved on narrower grounds).

### CONCLUSION

Petitioner's petition for habeas relief is granted in part. Respondent must hold a hearing within 30 days from the date of this order to determine whether petitioner may be released on bond.